"Mr'Justice Thompson
 

 delivered the opinion of the Court.
 

 This cause comes up on a writ of error from the circuit court of the United States, for the district of Kentucky. •
 

 . It is a writ of right for'the recovery of a piece or tract of land, the title to which is admitted to have been duly and legally., vested in John Campbell. Both parties claim under the will of John Campbell, as the source of title. •
 

 ' The demandants claim under a deed from Richard'Taylor, the surviving executor of John Campbell, bearing date-the 21st of. April 1826, to Joseph Beard, Elizabeth Megowan, and the heirs of William Beard. The tenant claims under a devise in the will of John Campbell; and thé decisjon of the case depends mainly upon the construction to be given to this devise.
 

 The evidence in the cause being closed, each of the parties moved the court for instructions to the jury. The demandants prayed the court to instruct the jury, that unless they find from the evidence, that .the surviving trustee of colonel Catnpbell’s
 
 *314
 
 will conveyed by deed the land in contest to Allen Campbell, the law is for the- demandants.
 

 That unless they find,-from the evidence, that Allen Camp.bell 'was naturalized, according to tire laws of the United States, that the law is with the demandants.
 

 That from the facts agreed, and the evidence offered, the law is for the demandants, and that they ought to find accordingly.
 

 These instructions the court refused to give; but, on-the prayer of the tenant, gave the following instructions.
 

 That, the premises in question passed in fee to Allen Campbell, the half brother of John Campbell, under the
 
 will;
 
 and at the- death of the said Allen, passed by descent from him to Robert Campbell and Sarah Beard; and from him, Robert Campbell, to her, Sarah Beard : provided the jury believed, 1. That John Campbell was a citizen of the United States, and died in October 1799, and had never been married.' • 2., That the said Allen Campbell came to the state of Kentucky in December 1799, and continued to reside therein until September 1804, and then died intestate, and had never been married. 3. That the said Robert Campbell was a citizen of the United States, and half brother of the said Allen ; that Sarah Beard was half sister of the said Allen, and came to Kentucky -in October 1800 ; and continued to reside therein until the death of the said Allen that the said Robert Campbell died in August 1805 intestate, and has never been married; and that the said Sarah Beard was tbe sister of- the said Robert Campbell.
 

 The material .facts in this casé are not at all drawn in question. . They are agreed upon by a stipulation contained in the record. And we must at all events assume, for t-he purpose of the present decision, that the jury have found all the facts, hypothetically put b.y the court in the instruction given to them ; and upon the assumption of which the court instructed the jury, that in point of law the demandants were not entitled to recover : and whether this instruction was correct., is the question now before the court.
 

 Upon the argument here, several obiections have been made .to the right of the demandants to recover in this action, claiming, as they-do, different titles, which cannot, as is alleged, be set up under.a joint action in this manner. This however is
 
 *315
 
 rather matter of form ; and as the case is before us on the merits, and. has been fully argued, we pass by this objection without stopping to inquire whether it was well founded or not.
 

 The clause in the will of John Campbell, upon-which the' right to the land, in question depends, is as follows.
 

 ■ “And if within that time, my said half brother, Allen Campbell, shall become a citizen of the United Slates, or be otherwise qualified by law to take and hold real estate within the same, I then direct that my said trustees, or the survivor or survivors of them, shall convey to him, my said half brother, Allen Campbell, his heirs or assigns, in fee simple, all the lands hereinbefore described in this devise. But if my said half brother shall not, within the time aforesaid, become a citizen as aforesaid, I then direct that my said trustees, or the survivor or survivors of them, shall sell and dispose of the said lands, hereby directed to be conveyed to him, on two years credit; with interest from the date, to be paid annually. And the money and interest arising from such sale, to be transmitted to my said half brother, to whom I give and bequeath the same.”
 

 The testator then provides for the disposition of these lands,- and the proceeds thereof, in case his said half brother shall die.before the expiration of the aforesaid term of five years after' his arrival at the age of twenty-one years ; and then adds: the following clause :•—
 

 “ But should my said half brother become a citizen of the United States of America, or be otherwise qualified to hold real estate within the same, before his death; it is then my will and desire* that he shall have the sole and absolute disposal of- all the estate hereinbefore devised and'bequeathed to him, notwithstanding he may not have obtained deeds therefor from my said trustees.”
 

 It is contended on the ’part of the demandants* that under this will, the legal estate of the land in question is vested in the executors and trustees'; and that Allen Campbell did"not take any legal estate under the will, and could not acquire it, except by deed from the trustees or the survivor of them. And • they contend that Richard.Taylor was such survi vor; and they claim under the deed from him of the 21st of April 1826. But if Richard Taylor had ho authority to' convey this land, the demandants fail entirely to show any title whatever in the
 
 *316
 
 .land. His authority to convey the land, lies at the foundation of the right set up by them.
 

 Richard Taylor is not named as one of - the trustees. The trustees named are, James Milligan, Charles Simms,'William ■ Elliot,'and Philip Ross ; who are also appointed executors; ana .to whom the testator devises his estate, both real ahd personal, in trust for the uses and purposes provided and.declared in his will. It is true that he afterwards, in a codicil, names Richard Taylor .as one of his executors. But the estate was vested in the other executors named, as trustees!; and Taylor, in his capacity merely as executor, acquired no title to the land, or any authority to sell it.
 

 But it is unnecessary to rest the case upon this point, as it is .very clear that, tinder the will of John Campbell, his half brother, Allen Campbell, took an estate in fee simple, as an ex-ecutory devise, without any deed from the trustees.
 

 The intention of the testator in this respect cannot be mistaken. Allen Campbell was an alien, and.was not, or might not be qualified to take and hold real estate. The title was accordingly vested in trustees,, with directions to convey the same to him, when he should become qualified by law to take and hold the same. And if he should not, within a specified time, become qualified ter take and hold real estate, the. trustees are directed to sell the land, and transmit the avails thereof to the said Allen Campbell; thus providing for all supposed contingencies with respect to the situation of the devi-see, and to enable him to receive the benefit of the devise. But that his right and title to this' estate might not at all depend upon the trustees, he devises the land directly to the said Allen Campbell, if he should at any time before his death become a citizen of the United States, or be otherwise qualified to hold real estate; notwithstanding, he may not have obtained deeds therefor from his said trustees.
 

 ■ This was a good executory devise; depending on the contingency of his becoming a citizen of the United Slates or otherwise qualified to hold real estate. This contingency v'us was not too remote, . It must necessarily, not only from the nature of the contingency, but by express limitation in the devise, happen in the life time.of. the devisee, if ever.. And upon the .happening of this contingency, there can be no
 
 *317
 
 doubt but the devisee took añ' estate in fee. The words in the will are. amply sufficient to pass an estate in fee. Ajnd the only remaining inquiry .is, whether Allen- Campbell, before his death, became qualified' to take and. hold real estate, in the staté of. Kentucky. And this will depend upon the act of the legislature of tlia-t state, passed on the 18th of December 1800, which is. as follows: .“ whereas, by the laws now in force in this commonwealth, aliens cannot hold lapds therein, and whereas it is considered the true-interest of this state, that such prohibitions be done away. / Belt" therefore enacted, &c., ■ that any alien, other than alien enemies, who shall have ác-, tually resided within this commonwealth two years, shall, during the continuance of his residence herein, after the Said period, be enabled to-hold, receive and pass any "right, title or interest, to any lands or other estate known, within this com-, mod wealth, in the' same manner, and under the same regulations, as the citizens of this state may lawfully do:” 2 Littell’s Laws 400,
 

 The evidence in- the record shows, and it is so found by the jury, that- Allen Campbell came to the state of Kentucky, in December 1799, and continued to resjde therein until September 1804, when he died intestate, never having been married. It is argued, on the part of the demandants," that this law only embraces aliens who shall have resided within the state two years befdre the passing of the act; and does not therefore reach the case' of Allen Campbell. .
 

 ■ This is certainly too narrow an interpretation of this
 
 law;
 
 to meet the obviousjntention of the legislature; even admitting that such is the strict grammatical construction.
 

 The preamble in the ac.t may be resorted to, to áid in the construction of the enacting clause, when any ambiguity exists. . That preamble-evidently shows that the intention of the legislature was to make a general-provision for removing the disability of aliens to hold real estate, and this, founded upon state policy, doubtless for the purpose of encouraging the settlement of the country: and this object would be in a great measure defeated by .restricting the act to aliens who shall have, resided two years in- the state, before tfie passing of the act.; .The condition upon which .aliens are placed on the same footing-with citizens, with respect to the right of holding and
 
 *318
 
 disposing of land, is a two years residence within the state ; and the full effect and benefit of the act, and the clear intention of the legislature, require, a construction which gives to it-a prospective as well as retrospective application. And, under this construction, Allen Campbell became qualified to take and hold the title to the land in question, and pass the same; in the same manner as if he had been a citizen of. the state. No constitutional objection can be m.adé to this act. ’ It does' not profess to naturalize.aliens. It is not necessary that they should be made citizens, in order- to hold and pass.real estate ; and the condition upon which this may be done, is a matter resting entirely with the state legislature. We are, accordingly, unanimously of opinion, that the judgment of the circuit court is correct; and it is accordingly affirmed.
 

 This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Kentucky,, and was argued by counsel; on consideration whereof, it is adjudged and ordered, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed with costs.