Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 . This is a plain case, and when the facts are stated, the question of law may be disposed of in a few words.
 

 The-plaintiff in error was the residuary legatee — or, in the language of Louisiana law, the universal legatee —of a certain John Mager, who was.a native of France, and migrated to the United States after-, the cession of Louisiana. .He died .at- New Orleans .possessed- of property to a large' amount.- The Widow Collard is his sister. At the time of his. death she was a French subject residing in France. • . . . . = -
 

 By the law of Louisiana a tax of ten per cent,, is imposed- on .legacies, when the legatee is neither a citizen of the Pnited States, nor domiciled in that State. And the executor of the deceased, or other person .charged with the administration of the estate, is directed to pay the tax to the State Treasurer.
 

 . Felix Grima, the defendant in error, is the executor of John - Mager, and retained the amount of the tax,- in order to pay it over, as the law directs. And this suit was brought by the ..legatee to recover it,-upon the ground that the act of the Louisiana Legislature is repugnant to the. Constitution Of the United States. ‘
 

 Now the law in question is nothing more than an exercise of the power which every state and sovereignty possesses, of regulating the manner and term upon which property real or personal within its dominion may be transmitted by last will and testament, or by inheritance , and of prescribing who shall and who shall not be capable of taking it. Every state or nation may unquestionably refuse to allow an alien to take either real or personal property, situated within its limits, either as heir or
 
 *494
 
 legatee, and may, if it thinks proper, direct that property so descending or bequeathed shall belong to the state. In many of the States of this Union at this day, real property devised to an alien is liable to escheat. And if a State may deny the privilege altogether, it follows that, when it grants it, it may annex to the grant any conditions which it supposes to be required by its interests or policy. This has been done by Louisiana. The right to take is given to the alien, subject to a deduction of ten per cent, for the use of the State.
 

 In some of the States, laws have been passed at different times imposing a tax similar to the one now in question, upon its own citizens as well as foreigners; and the constitutionality of these laws has never been questioned. And if a State may impose it upon its own citizens, it will hardly be contended that aliens are entitled to exemption; and that their property in our own country is not liable to the same burdens that may lawfully be imposed upon that of our own citizens.
 

 We can see no objection to such a tax, whether imposed on citizens and aliens alike, or upon the latter exclusively. It certainly has no concern with commerce, or with imports or exports. It has been suggested, indeed, in the argument, that, as the legatee resided abroad, it would be necessary to transmit to her the proceeds of the portion of the estate to which she was entitled, and that the law was therefore- a tax on exports. But if that argument was sound, no property would be liable to be taxed in a State, when the owner intended to convert it into money and send it abroad.
 

 . The judgment of the State court was clearly right, and must be affirmed.
 

 Order.
 

 This cause came on to be heard on the transcript of the récord from the Supreme Court of the State of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Supremé Court in this cause be, and the same is hereby, affirmed, with costs.