## WALLACE *et al. v.* MYERS, Comptroller.

*(Circuit Court, S. D. New York.   March 28, 1889.)*

1. CONSTITUTIONAL LAW—INHERITANCE TAX.
    Act N. Y. 1885, as amended by Laws 1887, c. 713, imposes a tax of 5 per cent. upon the value of property passing to any person not within certain degrees of consanguinity to the decedent, by will or the intestate laws, from any person who may die seised or possessed of the same while a resident of the state, or which is within the state at the time of his death.   *Held*, that as the law operates alike on all property and persons similarly situated, and the assessment is made by a judicial officer, after due notice and opportunity to be heard, it does not conflict with the fourteenth amendment to the federal constitution.

2. SAME—TAX ON UNITED STATES BONDS.
    Where the property of the decedent includes United States bonds, the tax may be assessed upon the basis of their value.   The tax is not imposed upon the bonds, but is merely a tax upon the privilege of acquiring property by inheritance.

In Equity.   Bill for injunction.   On demurrer to bill.
*Cornelius Fiske,* for complainants.
*Charles F. Tabor,* Atty. Gen., for defendant.

WALLACE, J.   This is a suit to restrain the defendant, as comptroller of the city of New York, from collecting certain taxes assessed under the provisions of the act of the legislature of the state of New York of 1885, entitled "An act to tax gifts, legacies, and collateral inheritances in certain cases," as amended by chapter 713 of the Laws of 1887.   These laws impose a tax of 5 per centum upon the value of the property passing to any person not within certain degrees of consanguinity to the decedent by will or the intestate laws of the state, from any person who may die seised or possessed of the same while being a resident of the state, or which is within the state at the time of his death.   The bill of complaint shows that in the present case there was included in the property of the decedent, upon which the tax was assessed, $28,000 of

United States government bonds. The defendant has demurred to the bill. The contention for the complainants is that the legislation is unconstitutional, and, if valid, that as to the government bonds the tax is void. The decision in *Re McPherson*, 104 N. Y. 306, 10 N. E. Rep. 685, disposes of the objections to the legislation which rest upon the ground that it is in conflict with the constitution of the state; and the cases of *Mager* v. *Grima*, 8 How. 490, and *Carpenter* v. *Pennsylvania*, 17 How. 456, meet most of those which assert that it is in contravention of the constitution of the United States. Inasmuch as the law operates alike on all property and persons similarly situated, and the assessment is made by a judicial officer after notice and opportunity to be heard by the persons interested, it does not conflict with the provisions of the fourteenth amendment of the constitution of the United States. *Railroad Co.* v. *Richmond*, 96 U. S. 521; *Barbier* v. *Connolly*, 113 U. S. 27, 5 Sup. Ct. Rep. 357; *Wurts* v. *Hoagland*, 114 U. S. 606, 5 Sup. Ct. Rep. 1086; *Railroad Tax Cases*, 115 U. S. 321, 6 Sup. Ct. Rep. 57.

The serious question in the case is whether the tax is void to the extent that the assessment was based upon the value of the United States bonds which were included in the property of the decedent. This question is fairly a debatable one, but seems to be satisfactorily answered by the consideration that the tax is not imposed upon the bonds, but is one upon the privilege of acquiring property by inheritance. The circumstance that incidentally under such a statute such bonds may have to be valued in order to ascertain the amount of the tax does not affect its essential nature as one upon the privilege, and not upon the bonds. The statute exacts compensation in the form of a tax, and measures the price according to the value of the inheritance; and the only purpose and effect of valuing the bonds when they form a part of a decedent's estate is to ascertain and measure the value of the privilege. Such a tax is no more one upon the bonds than an income tax is one upon the property out of which the income is derived, or an excise tax is one upon the articles manufactured or sold. The bonds are the subject of the appraisal, but the privilege is the subject of the tax. Inasmuch as it is lawful for the state to withhold altogether the privilege of acquiring property within its dominion by will or inheritance, whether the property consists of government bonds or anything else, it is lawful for the legislature to annex any conditions to the privilege which may seem expedient and do not conflict with the organic law of the state, or the constitution or laws of the United States. In the language of the court in *Mager* v. *Grima*, where a similar statute was under consideration:

· "The law in question is nothing more than the exercise of the power which every state and sovereignty possesses, of regulating the manner and terms upon which property real or personal within its dominion may be transmitted by last will and testament, or by inheritance, and of prescribing who shall and who shall not be capable of taking it."

The terms of the act of congress of June 30, 1864, (13 U. S. St. 285,) taxing legacies and successions are quite similar to those of the present statute in respect to the valuation for assessment. The subject-matter

of the assessment under that act was held by the supreme court in *Scholey* v. *Rew*, 23 Wall. 331, to be the devolution of the estate, or the right to become beneficially entitled to it; and the act was considered as taxing a privilege, and not property.   In Virginia the highest court of the state has construed a similar statute as imposing the tax, not upon the property, but upon the privilege of acquiring it by will or under the intestate laws. *Eyre* v. *Jacob*, 14 Grat. 422; *Miller* v. *Com.*, 27 Grat. 110.   The precise question now presented was considered by the supreme court of Pennsylvania in *Strode* v. *Com.*, 52 Pa. St. 181, and the court treated the statute, not as taxing property, but as a regulation of the transmission of the property of decedents; and upon that view held that government securities were properly included in the valuation of the inheritance upon which the tax was assessed.   If such statutes are to be regarded as taxing a privilege, and not property, then the cases of *Society* v. *Coite*, 6 Wall. 594, and *Institution* v. *Massachusetts*, Id. 631, furnish by analogy the rule which should be applied in the present case.   In the latter case the court used the following language:

"Granting that it is not a property tax, then it must be considered as a franchise tax laid upon the corporation for the privileges conferred by the charter, which, by all the authorities, it is competent for the state to tax, irrespective of what disposition the institution has made of the funds, or in what manner they may have been invested."

Accordingly the court held in those cases that, although by the statute imposing the tax the amount was to be ascertained by the amount of the deposits of the corporation, the circumstance that those deposits were invested in government securities was not material.   The case of *People* v. *Insurance Co.*, 92 N. Y. 328, affirmed by the supreme court in *Insurance Co.* v. *New York*, 119 U. S. 129, 8 Sup. Ct. Rep. 1385, is also instructive.   There a statute of New York imposed the tax upon the franchises of corporations within the state, to be assessed upon the amount of the dividends upon the capital stock.   The court held that in ascertaining the basis for computing the amount of the tax, the portion of the dividends derived from the investment of the corporation in United States securities was not to be deducted.   No opinion was promulgated by the supreme court in deciding this case.   It is to be observed, however, that it was not even contended for the corporation in that court that the tax was to any extent void or excessive if it was a franchise tax, but the contention was that it was in effect a tax upon the property of the corporation, and therefore void, so far as it was based upon property in the form of United States securities.   In any view, the court must have held that if it was a franchise tax the valuation of United States securities as a basis of assessment was permissible.   The authorities thus referred to should control the decision of the present case, in the absence of any decision directly in point by the supreme court.   The demurrer is sustained.