[S. F. No. 1548.   Department Two.—January 4, 1900.]

BOSWELL M. BLYTHE, Appellant, v. FLORENCE
BLYTHE HINCKLEY, Respondent.

ALIENS—CONTROL AND INHERITANCE OF PROPERTY—TREATY.—The ques-
tion as to the rights of aliens to possess, enjoy, and inherit
property in the United States is a proper subject matter of
treaty; and a treaty regulating those rights must control all
state legislation contrary thereto as the supreme law.

ID.—POWER OF STATE—LAWS NOT IN CONFLICT WITH TREATY.—A state
has the primary right to regulate the tenure of all real prop-
erty within its limits, and may allow aliens to take, hold, and
dispose of property, real and personal, within the state, in so
far as its laws are not in conflict with the express provisions
of a paramount treaty of the United States.

ID.—INHERITABLE BLOOD—CHANGE OF COMMON LAW.—A state may, by
express law, change the common-law rule that an alien was not
of inheritable blood, and may thereby remove the disability of
the alien to inherit, if there is no paramount law to the con-
trary.

ID.—CONSTRUCTION OF TREATY WITH GREAT BRITAIN— SILENCE AS TO
INHERITANCE — VALIDITY OF CODE PROVISION.—The silence of the
treaty between the United States and Great Britain upon the
subject matter of the right of citizens of Great Britain to in-

herit property within the United States, is not equivalent to a denial of that right, and cannot affect the power of a state to confer the right. That treaty is not in conflict with section 671 of our Civil Code, allowing aliens, including citizens of Great Britain, to "take, hold, and dispose of property, real and personal, within this state."

ID.—NONRESIDENT ALIENS—OPERATION OF CODE.—The provisions of section 671 of the Civil Code are not made to operate extraterritorially, by conferring a right upon nonresident aliens to take and hold property within this state. That section merely provides a rule with respect to property within the state, and confers a right to be enjoyed within its jurisdiction.

ID.—CONSTRUCTION OF STATE CONSTITUTION.—Section 17 of article I of the state constitution is merely intended to secure the rights of foreigners of the classes named, and does not operate as a limitation upon the power of the legislature to extend similar privileges to other foreigners or aliens.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

S. W. & E. B. Holladay, L. D. McKisick, and Jefferson Chandler, for Appellant.

The treaty making power is denied to the states (U. S. Const., art. I, sec. 10), and the treaty making power of the United States extends to the manner in which property in the United States may be transferred, devised; or inherited. (*Geofroy v. Riggs*, 133 U. S. 266; *Head Money Cases*, 112 U. S. 598; *Wunderle v. Wunderle*, 144 Ill. 53, 54; *People v. Gerke*, 5 Cal. 382.) The laws of California cannot operate extraterritorially to give the right of inheritance to a nonresident alien. (*In re Ross*, 140 U. S. 453-64; *The Apollon*, 9 Wheat. 370.) A treaty of the United States overrides all state laws upon the subject of inheritance by aliens. (*Adams v. Akerlund*, 168 Ill. 632; *Opel v. Shoup*, 100 Iowa, 407; *Hauenstein v. Lynham*, 100 U. S. 483; *Geofroy v. Riggs, supra; Ware v. Hylton*, 3 Dall. 199; *Chirac v. Chirac*, 2 Wheat. 259; *Orr v. Hodgdon*, 4 Wheat. 453; *Fairfax v. Hunter*, 7 Cranch, 603; *People v. Gerke, supra; Fisher v. Harnden*, 1 Paine, 55; *Wunderle v. Wunderle, supra*.) The treaty making power of the federal government to regulate this matter is exclusive; and the silence of a treaty, like the silence of

a law, is expressive of its intention. (*United States v. Cruik-shank*, 92 U. S. 550; *Prigg v. Pennsylvania*, 16 Pet. 618; *Holmes v. Jennison*, 14 Pet. 569; *People v. Curtis*, 50 N. Y. 326; 10 Am. Rep. 483.) Section 671 of the Civil Code is inconsistent with the treaty making power, and with all treaties made by the United States upon that subject matter. That section being unconstitutional and void, any judgment based thereon is void. (*Ex parte Siebold*, 100 U. S. 376; *Ex parte Yarborough*, 110 U. S. 651; *Reddy v. Tinkum*, 60 Cal. 459.) The admission of nonresident aliens to our shores, and their permission to remain here, is a political question to be determined by the federal government, and not by any state. (*Chy Lung v. Freeman*, 92 U. S. 280; *Fong Yue Tong v. United States*, 149 U. S. 698.) Foreign British subjects residing in England are given no power by treaty or by the federal government to inherit property in this country, and this state cannot confer such power upon a non-resident British subject. The proceedings in the state court in the matter of the heirship of Florence Blythe, a nonresident British subject at the time of descent cast, are void, and are subject to collateral attack. (Van Fleet's Collateral Attack, sec. 514; *Windsor v. McVeigh*, 93 U. S. 282, 283; *Hovey v. Elliott*, 167 U. S. 409; *Scott v. McNeal*, 154 U. S. 34.)

William H. H. Hart, Garber, Boalt & Bishop, W. W. Foote, and Aylett R. Cotton, for Respondent.

The complaint discloses a subject matter which is *res adjudicata*, and a decree *in rem*, which binds the whole world. (*William Hill Co. v. Lawler*, 116 Cal. 359; *Burris v. Kennedy*, 108 Cal. 331, 336; *State v. McGlynn*, 20 Cal. 234; 81 Am. Dec. 118.) Section 671 of the Civil Code is a valid exercise of the power of this state to regulate the tenure of property situated within its jurisdiction. (*United States v. Fox*, 94 U. S. 315-20; *Arndt v. Griggs*, 134 U. S. 316-21; *Hutchinson Inv. Co. v. Caldwell*, 152 U. S. 65-68; *Mager v. Grima*, 8 How. 490, 493; *Frederickson v. Louisiana*, 23 How. 445; *Beard v. Rowan*, 9 Pet. 301; *Hanrick v. Patrick*, 119 U. S. 156, 167-70; *Spratt v. Spratt*, 1 Pet. 343; *Hauenstein v. Lynham*, 100 U. S. 483, 484; *Geofrey v. Riggs*, 133 U. S. 258, 267.) Sections 671 and 672 of the Civil Code do not assume to operate extraterritorially, but

operate merely upon the tenure of property situated within the state, and are constitutional and void. (*State v. Smith*, 70 Cal. 153-55; *Lyons v. State*, 67 Cal. 380; *State v. Rogers*, 13 Cal. 160.) No federal question was involved in the Blythe case. (*Blythe v. Hinckley*, 167 U. S. 746.)

HENSHAW, J.—The purpose of this action was to recover from defendant certain land in the city and county of San Francisco. Plaintiff claims as an heir at law of Thomas H. Blythe, deceased. Without setting forth in detail the matters charged, it will be sufficient to say that the complaint pleads the proceedings and the judgments of the superior and supreme courts of this state, under which it was decreed that Thomas H. Blythe had instituted Florence Blythe, now Florence Blythe Hinckley, as heir, and the subsequent decree of the court distributing the property in question to her. The facts and the judgment to which reference has thus been made will be found at length in the action entitled *Blythe v. Ayres*, 96 Cal. 532. It is contended by this bill that the judgments of the superior court and of this court so decreeing are absolutely void, and that plaintiff, as one of the heirs at law of Thomas H. Blythe, deceased, should have judgment to that effect. A general demurrer was sustained to this bill, and plaintiff, declining to amend, appeals from the judgment thereupon entered against him.

In support of the complaint it is urged that Florence Blythe, at the time of descent cast, was an alien and British subject, who had never been within the jurisdiction of the United States or of the state of California, and that the state of California had, and has, no power to extend to such nonresident aliens the right to inherit real estate within its territorial domain in the absence of a treaty provision to that effect between the United States and the country of such alien; that sections 230 and 1387 of the Civil Code, as applied to the case of such a nonresident alien, are without effect; that section 671 of the Civil Code is in violation of section 10 of article I of the constitution of the United States, which declares that: "No state shall enter into any treaty, alliance, or confederation," and is in violation of section 17 of article I of the constitution of the state of California, which (it is argued) limits the right of succession to the

classes designated in the following language: "Foreigners of the white race or of African descent eligible to become citizens of the United States under the naturalization laws thereof, while *bona fide* residents of this state, shall have the same rights in respect to the acquisition, possession, enjoyment, transmission, and inheritance of property as native-born citizens."

It has been affirmed and reaffirmed in the decisions of the supreme court of the United States that the question of the possession, enjoyment, and inheritance of property by resident or nonresident aliens is the proper subject matter of treaty. Thus, to employ but one quotation, in *Geofroy v. Riggs*, 133 U. S. 258, it is said: "That the treaty power of the United States extends to all proper subjects of negotiation between our government and the governments of other nations is clear. It is also clear that the protection which should be afforded to the citizens of one country owning property in another, and the manner in which that property may be transferred, devised, or inherited, are fitting subjects for such negotiation and of regulation by mutual stipulations between the two countries." This principle was early recognized in this state in the case of *People v. Gerke*, 5 Cal. 381.

It need scarcely be said that at common law an alien was not of inheritable blood, and that disability attaches in this state, unless it has been removed by express law. By section 671 of our Civil Code it is declared that: "Any person, whether citizen or alien, may take, hold, and dispose of property, real or personal, within this state." Here is an express removal of the disability to which we have referred, and, if it be a valid law, it is determinative of appellant's contention. It is conceded that the treaties between Great Britain and this country are silent upon the subject. We are not then confronted with the case of a state law in declared conflict with the provision of a treaty, in which instance it is, of course, uniformly held that the treaty is the paramount law. (*Opel v. Shoup*, 100 Iowa, 407; *Hauenstein v. Lynham*, 100 U. S. 483; *Geofroy v. Riggs, supra; Orr v. Hodgdon*, 4 Wheat. 453.) But by appellant it is insisted that the very silence of our treaties with Great Britain upon the question is the equivalent of an express denial to its subjects of the right to inherit within our republic, and that therefore a

conflict arises and section 671 becomes void as an illegal attempt
to encroach upon the treaty making power of the general gov-
ernment. But this view, we think, finds little favor either in
principle or in authority. A state has the undoubted right to
regulate the tenure and disposition of the real property within
its boundaries, and such regulations always have been and should
be held valid except where they conflict with the express pro-
visions of a higher law. Thus in *United States v. Fox*, 94 U. S.
315, it is said: "The power of the state to regulate the tenure
of real property within her limits, and the modes of its acquisi-
tion and transfer, and the rules of its descent, and the extent to
which a testamentary disposition of it may be exercised by its
owners, is undoubted. It is an established rule of law, every-
where recognized, arising from the necessity of the case, that
the disposition of immovable property, whether by deed, de-
scent, or any other mode, is exclusively subject to the govern-
ment within whose jurisdiction the property is situated." (See,
also, *Hutchinson Inv. Co. v. Caldwell*, 152 U. S. 65; *Mager v.
Grima*, 8 How. 490; *Beard v. Rowan*, 9 Pet. 301.) And this
right to regulate the tenure and disposition of real property
within its boundaries is not only in the state, but it is primarily
in the state (*Hauenstein v. Lynham, supra*), and is subject only
to such control as may be exercised by the general government
within its treaty making power. Therefore, it will be found
that the supreme court of the United States nowhere declares
state laws upon the subject to be void as an invasion of the
treaty making power, but uniformly upholds the laws when not
in conflict with the express provisions of a treaty. Such was
the case in *Hanrick v. Patrick*, 119 U. S. 156, where the question
was of the right of an alien subject of Great Britain to inherit,
and the court held that the laws of Texas governing the rights
of aliens to inherit property in that state were of controlling
force. And even in those cases where there is a conflict between
the provisions of the state law and those of the treaty, it is not
held that the state laws are void as an unwarranted interference
with or encroachment upon the powers of the federal govern-
ment. It is held merely that such laws, in so far as they con-
flict with the treaty provisions, are suspended or controlled dur-
ing the life of the treaty. Thus in *Geofroy v. Riggs, supra*, the

question being as to the effect of the provisions of a treaty with France upon the laws of Maryland which were in operation in the District of Columbia, it is said: "The treaty, being part of the supreme law of the land, controls the statute and common law of Maryland whenever it differs from them. . . . . The treaty expired by its own limitation in eight years pursuant to an article inserted by the senate.   During its continuance citizens of France could take property in the District of Columbia by inheritance from citizens of the United States, but after its expiration that right was limited as provided by the statute and common law of Maryland."

It is concluded, therefore, upon this proposition that the sections of our Civil Code which have been under consideration are not in conflict with the provisions of any treaty between the United States and Great Britain, and are not an invasion of the treaty making powers of the United States government.

The argument that section 671 is inoperative to cast descent upon defendant, for the reason that the laws of the state can have no extraterritorial force, seems to be fully answered by the language of this court in *State v. Smith,* 70 Cal. 153, where it is said, discussing this very section: "It is suggested that, inasmuch as laws can have no extraterritorial operation, the legislature has no power to provide for succession by foreigners who had never been residents, but the section of the code provides a rule with respect to property within the state.   It confers a right to be enjoyed within the jurisdiction."

The further contention that section 671 of the Civil Code is void because in conflict with section 17 of article I of the constitution of the state of California rests for its support upon the argument that the language of the constitution is a limitation upon the power of the legislature.   But to give it such an interpretation would be to do violence to fundamental rules of construction.   By section 17 foreigners of the indicated classes may not be deprived of the rights which the constitution secures to them.   But there is in this no withdrawal from the legislature of its general powers, nor any limitation upon its right to extend similar privileges to other foreigners or aliens.   (*State v. Rogers,* 13 Cal. 160.)

It follows from the foregoing that the order of court sustain-

ing defendant's demurrer was properly made, and the judgment appealed from is therefore affirmed.

Temple, J., and McFarland, J., concurred.