[L. A. No. 20816.   In Bank.   Mar. 22, 1949.]

Estate of EMILY P. SANBORN, Deceased.   ANNIE L. HARRIS et al., Appellants, v. UNITED STATES OF AMERICA, Respondent.

J. Harold Decker and J. Frank Martin, Jr., for Appellants.

Abraham J. Harris, Acting Solicitor General, George T. Washington, Assistant Solicitor General, James M. Carter, United States Attorney, Clyde C. Downing and Robert J. McMillan, Assistant United States Attorneys, and John T. Fowler, Attorney, Department of Justice, for Respondent.

SPENCE, J.—Testatrix, a resident of Los Angeles, devised and bequeathed to the "United States of America" all her real property in this state and her government bonds.   The will contains no residuary clause so that in the event of the failure of such devise and bequest, such property would descend to the decedent's heirs at law under the laws of succession.   In the probate proceedings, the court ordered distribution of the mentioned property in pursuance of the terms of the will.   From the portions of the decree of final distribution accordingly entered in favor of the "United States of America," the heirs bring this appeal.

The only question here presented is whether the challenged testamentary disposition to the "United States of America" is valid under the laws of this state.   The parties advance the same opposing contentions in relation to the construction of section 27 of the Probate Code, prescribing

"who may take by will," as were considered and resolved in a like situation prevailing in the *Estate of Burnison,* this day decided, *ante,* p. 638 [204 P.2d 330]. The only additional point here made relates to the pertinency of the government's reference to two specific federal statutes as establishing the "authority of the United States to take by will." One is the Act of April 3, 1945 (59 Stats. 48, c. 51, § 4; 31 U.S.C.A. § 757e), declaring that "the Treasurer of the United States . . . shall effect redemption" of "any direct obligation of the United States" (such as government bonds) that "is bequeathed by will to the United States"; and the other is the Act of March 3, 1903 (32 Stats. 1112, c. 1007, § 1; 40 U.S.C.A. § 304), authorizing "the Secretary of the Treasury . . . to sell such lands as have been or may hereafter be acquired by the United States by devise." However, such congressional enactments, by their provision for the government's disposition of such testamentary gifts, can be regarded as no more than implied recognition of the power of the United States to take property by will, but only where such act would be in accordance with the law of the state governing the right to make the testamentary disposition in question. Certainly such federal statutes cannot validate a "devise" or "bequest" of property in this state made by a California resident contrary to our statutory law. (*Estate of Burnison, supra.*) Accordingly, the objections of the heirs to the claims of the "United States of America" under the terms of the decedent's will must be sustained.

The portions of the decree here subject of appeal are reversed.

Gibson, C. J., Shenk, J., Carter, J., and Schauer, J., concurred.

Edmonds, J., concurred in the judgment.

Traynor, J., dissented.