## UNITED STATES *v.* BURNISON ET AL.

NO. 171.

Argued December 13, 1949.—Decided March 13, 1950.

*Melvin Richter* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Morison, Joseph W. Bishop, Jr.* and *Paul A. Sweeney.*

*J. Harold Decker* argued the cause for appellees. With him on the brief for appellees in No. 188 was *J. P. Patterson.*

*Casper A. Ornbaun* and *Everett H. Roan* filed a brief for Burnison; and *Frank J. Fontes* was of counsel for Katz, appellees in No. 171.

MR. JUSTICE REED delivered the opinion of the Court.

These appeals involve the power of the California Supreme Court to declare invalid testamentary dispositions to the United States by two California residents. The bequest to the United States in No. 171 included only personal property; in No. 188 the United States was designated to receive both real property and United States bonds. The situs of all the property is assumed to be California. After appropriate procedural steps, the California Supreme Court held void these testamentary gifts and directed that they be distributed to the statutory heirs of each decedent.[1] The two cases were consolidated for argument below and will be considered here in one opinion.

---

[1] *Estate of Burnison,* 33 Cal. 2d 638, 204 P. 2d 330; *Estate of Sanborn,* 33 Cal. 2d 647, 204 P. 2d 335.

The California court construed § 27 of the California Probate Code[2] to prevent a California domiciliary from making an unrestricted testamentary gift to the United States, although such a gift may be made to California, its counties and municipal corporations.[3] The court arrived at this interpretation despite the contention of the United States that it would raise serious constitutional questions. The construction of the California Code by the California Supreme Court is, of course, binding on us. It leaves us, however, with the federal constitutional questions that the United States urged the California court to avoid.

---

[2] Probate Code of California, § 27:

*"Who may take by will.* A testamentary disposition may be made to the state, to counties, to municipal corporations, to natural persons capable by law of taking the property, to unincorporated religious, benevolent or fraternal societies or associations or lodges or branches thereof, and to corporations formed for religious, scientific, literary, or solely educational or hospital or sanatorium purposes, or primarily for the public preservation of forests and natural scenery, or to maintain public libraries, museums or art galleries, or for similar public purposes. No other corporation can take under a will, unless expressly authorized by statute."

[3] One judge dissented on the authority of *Estate of Hendrix,* 77 Cal. App. 2d 647, 651–53, 176 P. 2d 398, 400–402. The Hendrix will bequeathed property to the United States Veterans' Administration for the aid, comfort and assistance of disabled veterans. The California District Court of Appeal, at 651, declared that this was really a bequest to the United States, a corporation, and that its agency, the designated beneficiary, was expressly authorized by California Probate Code § 27 to take property under a will. Thus the bequest was valid. In its opinion in the present case, the Supreme Court held that this language had been unnecessary to the decision and refused to extend it to the gifts now under consideration. It thought that the Hendrix gift was good as one for charitable purposes to a legally constituted institution. The Supreme Court thought a gift to the United States "without qualification as to administration or purpose," 33 Cal. 2d 646, 204 P. 2d 335, did not come under the classifications of associations or corporations in § 27.

In these appeals the United States makes two contentions. It urges that the California Code, as interpreted, violates the Supremacy Clause of the Constitution in that it infringes upon the "inherent sovereign power" of the United States to receive testamentary gifts. Alternatively it argues that the Code effects an unconstitutional discrimination against the National Government, since a testamentary gift may be made by a Californian to California, but may not be made to the United States.

We have no doubt that the receipt of gifts, testamentary and nontestamentary, is within the ambit of federal powers. Uninterrupted usage from the foundation of the Government has sanctioned it. The first question here, therefore, is whether the power to receive testamentary gifts reaches so far as to forbid a state to deny a testator the right to will his property to the United States.

To answer this question affirmatively would require us to overrule *United States* v. *Fox,* 94 U. S. 315, decided at the 1876 Term by a unanimous Court and frequently cited with approval. A devise of New York realty to the United States had been held void by the Court of Appeals[4] under a New York statute that declared land in New York could be devised only to natural persons and such corporations as New York had expressly authorized to take by devise. Although it was not specifically urged that the Supremacy Clause precludes a state's interference with the power of the United States to receive testamentary gifts, this point was necessarily involved in the United States' argument that the New York prohibition violated an essential attribute of national sovereignty—the right to acquire property by all methods known to the law. In affirming, this Court held

[4] *Matter of Will of Fox,* 52 N. Y. 530.

that the power to control devises of property was in the State, and that therefore a person must "devise his lands in that State within the limitations of the statute or he cannot devise them at all." [5]

In asking us to overrule the *Fox* case, the United States contends that since it has the power to accept testamentary gifts, the Supremacy Clause bars a state from stopping this stream of federal revenue at its source. The argument is that every authorized activity of the United States represents an exercise of its governmental power,[6] and that therefore the power to receive property through a will is a governmental power. Since a state cannot interpose "an obstacle to the effective operation of a federal constitutional power," [7] the Government argues a state cannot interfere with this power to receive. This argument fails to recognize that the state acts upon the power of its domiciliary to give and not on the United States' power to receive. As a legal concept a transfer of property may be looked upon as a single transaction or it may be separated into a series of steps. The approach chosen may determine legal consequences.[8] Where powers flow so distinctly from different sources as do the power to will and the power to receive, we think the validity of each step is to be treated separately.

The United States would have no semblance of a claim here were it not for wills probated under California law. The *Fox* case is only one of a long line of cases which have consistently held that part of the residue of sovereignty retained by the states, a residue insured by the Tenth

---

[5] *United States* v. *Fox,* 94 U. S. 315, 321.

[6] *Graves* v. *New York ex rel. O'Keefe,* 306 U. S. 466, 477; *Pittman* v. *Home Owners' Loan Corp.,* 308 U. S. 21, 32; *Federal Land Bank* v. *Bismarck Lumber Co.,* 314 U. S. 95, 102.

[7] *United States* v. *Belmont,* 301 U. S. 324, 331–32.

[8] *Gregory* v. *Helvering,* 293 U. S. 465.

Amendment,[9] is the power to determine the manner of testamentary transfer of a domiciliary's property and the power to determine who may be made beneficiaries.[10]   It would be anomalous to hold that, because of an amorphous doctrine of national sovereignty, federal constitutional law reached into a California statute and made impotent that state's restrictions on the designation of beneficiaries.

The United States' argument leads to the conclusion that no obstruction whatever may be put in the way of the United States' power to receive by will.   Thus the United States could claim rights under the will of a testator whom the state had declared incompetent, or under a will that had not been witnessed and attested according to the laws of the state.   The United States could take to the complete exclusion of a surviving spouse, notwithstanding the state law.

The case of *United States* v. *Perkins,* 163 U. S. 625, makes clear that obstacles may be put by states to the passage of property by will to the United States.   There the New York Court of Appeals had upheld the application of the New York inheritance tax to personalty bequeathed the United States.   Although there is no doubt that where the United States acts in its sovereign capacity, it is free from state taxes on that activity,[11] this Court, in affirming, said:

"Certainly, if it be true that the right of testamentary disposition is purely statutory, the State has a right

[9] *United States* v. *Sprague,* 282 U. S. 716, 733; *United States* v. *Darby,* 312 U. S. 100, 123.

[10] *Mager* v. *Grima,* 8 How. 490, 493–94; *United States* v. *Fox,* 94 U. S. 315, 321; *United States* v. *Perkins,* 163 U. S. 625, 627, 628; *Plummer* v. *Coler,* 178 U. S. 115, 137; *Maxwell* v. *Bugbee,* 250 U. S. 525, 536; *Lyeth* v. *Hoey,* 305 U. S. 188, 193; *Irving Trust Co.* v. *Day,* 314 U. S. 556, 562; *Demorest* v. *City Bank Co.,* 321 U. S. 36, 48.

[11] *Mayo* v. *United States,* 319 U. S. 441.

to require a contribution to the public treasury before the bequest shall take effect. . . .

.        .        .        .        .

"We think that it follows from this that the act in question is not open to the objection that it is an attempt to tax the property of the United States, since the tax is imposed upon the legacy before it reaches the hands of the government. The legacy becomes the property of the United States only after it has suffered a diminution to the amount of the tax, and it is only upon this condition that the legislature assents to a bequest of it." [12]

We shall not overrule the *Fox* case, and, of course, we find no distinction between realty and personalty. Within broad limits, the state has power to say what is devisable and to whom it may be given. We may assume with the United States that the state's power over testamentary gifts is not absolute,[13] but we find nothing in the Supremacy Clause which prohibits the state from preventing its domiciliary from willing property to the Federal Government.[14]

The alternative contention is that § 27 of the Probate Code, as interpreted, discriminates against the United States in violation of the Constitution. The argument is that even if the Supremacy Clause would not be vio-

---

[12] *United States* v. *Perkins,* 163 U. S. 625, 628, 630.

[13] *Clark* v. *Allen,* 331 U. S. 503. Cf. *Oyama* v. *California,* 332 U. S. 633.

[14] As was pointed out in the *Fox* case, our determination does not affect the right of the United States to acquire property by purchase or eminent domain in the face of a prohibitory statute of the state. *Kohl* v. *United States,* 91 U. S. 367. An authorized declaration of taking or a requisition will put realty or personalty at the disposal of the United States for "just compensation." It may tax testamentary transfers. Its powers will not suffer.

94

lated if the statute provided that no governmental body could be made the beneficiary of a California will, there is a violation of the Supremacy Clause when the United States is treated less advantageously than California. Apparently the capacity of the United States to receive gifts is analogized to the right of a person to sue on a federal cause of action in a state court. Reliance is placed on the cases which have held that federal rights must be enforced by the courts of a state when "ordinary jurisdiction as prescribed by local laws is appropriate to the occasion." [15] Thus, urges appellant, since state courts may not discriminate in the availability of judicial relief between state created rights and federally created rights, no more can a state discriminate between California and the United States as beneficiaries under wills.

When a state refuses to hear pleas based on federally created rights while it takes cognizance of those created by state law, there may be invalid discrimination because by the Supremacy Clause federal laws are made laws of the state.[16] Therefore to allow a suit based on state law and to refuse one based on federal law could "discriminate" without any reason for the classification.[17] But the United States' capacity to receive, even though called a "right" or a "power," is not a "law of the state." As we have shown in the earlier discussion, that capacity cannot be magically transformed into something that must be enforced. The cases upholding the rights of persons to sue are not in point.

[15] *Second Employers' Liability Cases,* 223 U. S. 1, 56; *Douglas* v. *New York, N. H. & H. R. Co.,* 279 U. S. 377; *McKnett* v. *St. Louis & S. F. R. Co.,* 292 U. S. 230.

[16] *Claflin* v. *Houseman,* 93 U. S. 130, 136; *Second Employers' Liability Cases, supra,* 57.

[17] *McKnett* v. *St. Louis & S. F. R. Co., supra,* 234; cf. *Douglas* v. *New York, N. H. & H. R. Co., supra.*

In a sense, of course, the United States is being treated differently from California, and differences and distinctions in a state's treatment of persons are frequently claimed to be discriminatory in violation of the Equal Protection and Privileges and Immunities Clauses of the Fourteenth Amendment. But such differences and distinctions, even when applied to persons clearly protected by the Fourteenth Amendment, are not in themselves unconstitutional. It is only when the variations are arbitrary and without reasonable legal basis that an unconstitutional discrimination occurs. A long line of decisions has molded this judicial concept.[18] Thus, although we should make the somewhat dubious assumption that the United States must receive equal protection under the Fourteenth Amendment, there is no constitutional violation. California's decision to permit only itself and its subordinate municipalities to be unlimited governmental beneficiaries under the wills of its domiciliaries is based on a permissible distinction. It is justified by reason of the state's close relationship with its residents and their property.[19] A state may by statute properly prefer itself in this way, just as states have always preferred themselves in escheat.

*Affirmed.*

MR. JUSTICE BLACK dissents.

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

---

[18] *E. g., Denver* v. *New York Trust Co.,* 229 U. S. 123; *Rast* v. *Van Deman & Lewis Co.,* 240 U. S. 342; *La Tourette* v. *McMaster,* 248 U. S. 465; *Maxwell* v. *Bugbee,* 250 U. S. 525; *New York Rapid Transit Corp.* v. *City of New York,* 303 U. S. 573; *Queenside Hills Realty Co.* v. *Saxl,* 328 U. S. 80.

[19] *Board of Education* v. *Illinois,* 203 U. S. 553; cf. *Connecticut Mutual Life Ins. Co.* v. *Moore,* 333 U. S. 541, 551.