[Civ. No. 13872. First Dist., Div. One. June 14, 1950.]

Estate of PHILIP RIVE, Deceased. PAUL KAEPPELIN et al., Appellants, v. THE UNITED STATES OF AMERICA et al., Respondents.

Robert E. Hatch for Appellants.

George T. Washington, Assistant Solicitor General of United States, Frank J. Hennessy, United States Attorney, Robert B. McMillan, Assistant United States Attorney, John T. Fowler, Attorney, Department of Justice, Hugh K. McKevitt and Joseph F. DeMartini for Respondents.

PETERS, P. J.—Philip Rive, a resident of San Francisco, died testate on July 12, 1945, leaving an estate of about $116,-000. The dispositive provision of his will provides that "In event of my death I desire my estate to go to U. S. Treasury Dept. to assist in war effort." Appellants, claiming to be a nephew and niece of decedent, and, as such, his next of kin and heirs at law, contested the petition for final distribution, contending that the will was void for the reason that the United States government has no capacity, under California law, to receive distribution of an estate as a legatee. After a hearing, the probate court entered its decree of final distribution by which it was decreed that the entire estate should "be and the same is hereby distributed to The United States of America." From this decree this appeal is taken.

■ The sole question presented on this appeal is whether the United States government may, in this state, lawfully be named as a legatee under a will. The precise question has been decided adversely to the respondent by the decisions of the Supreme Court of California in *Estate of Burnison,* 33 Cal.2d 638 [204 P.2d 330], and *Estate of Sanborn,* 33 Cal.2d 647 [204 P.2d 335]. In the Burnison case the California Supreme Court held that a bequest to "The United States government U.S.A." was void under section 27 of the Probate Code, while in the Sanborn case a similar ruling was made as to a bequest to the "United States of America." The two cases were appealed to the United States Supreme Court, which disposed of both appeals in a single decision (*United States v. Burnison,* 339 U.S. 87 [70 S.Ct. 503, 94 L.Ed. 675]), in which it was held that the interpretation of section 27 of the Probate Code by the Supreme Court of California to the effect that the United States government could not lawfully take by will in this state did not violate the supremacy or the equal protection, or the privileges and immunities clauses of the United States Constitution.

Although we entertain serious doubts that section 27 of the Probate Code should be interpreted so as to prevent the United States government from becoming a legatee under California law, as an intermediate court we are bound by the decisions of the Supreme Courts of the United States and of California. That being so, the legacy here involved must be declared to be void, and the will held to be ineffective. The estate, under existing law, and unless the Supreme Court of California sees

fit to overrule the Burnison and Sanborn cases, should be distributed to the heirs at law of the decedent.

The decree of final distribution is reversed.

Bray, J., and Schottky, J. pro tem., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 10, 1950. Traynor, J., voted for a hearing.