DIXON *v.* COOPER.

(*Knoxville.* October 26, 1889.)

1. WILLS. *Construction. Ascertainment of testator's intention.*

A testator's intention, however clearly shown by proof *aliunde*, will not be regarded or enforced if inconsistent with the intention disclosed by the language of his will when read in the light of the facts and circumstances surrounding him at time of its execution.

2. SAME. *Same. Lapsed devise or legacy.*

A devise or legacy lapses upon the death of the devisee or legatee *without issue* before the testator's death. *Aliter* under our statute, where the devisee or legatee leaves issue, who survive the testator. Such issue take the place of the original devisee or legatee.

Code construed: § 3036 (M. & V.) ; § 2196 (T. & S.).

Cases cited and approved: Strong *v.* Ready, 9 Hum., 170; Morton *v.* Morton, 2 Swan, 319.

3. SAME. *Same. Devise not saved from lapsing, when.*

Devise is not saved from lapsing upon the devisee's death, before the testator's, without issue, by reason of the fact that the devisee had, by will, disposed of his expectant estate, and the original testator, knowing of this disposition, had not recalled the devise. The devisee of the expectant estate takes nothing in such case.

FROM BRADLEY.

Appeal from Chancery Court of Bradley County. W. H. DEWITT, Ch.

12 P

J. N. AIKEN, J. E. MAYFIELD, and S. J. AIKEN for Dixon.

S. P. GAUT and D. A. GAUT for Cooper.

CALDWELL, J. Bennet Cooper made and published his last will and testament on February 5, 1873. The third clause of that will is as follows: "I will and bequeath to my four grandchildren, born of the body of Martha Batt, former wife of James Batt, one whole distributive share, to be equally divided among said four grandchildren, born of the body of said Martha Batt, said Martha Batt being a legal heir."

This executor lived some thirteen years after the execution of this will, and the legatees and devisees thereunder became well acquainted with its terms and provisions, as we infer.

Thomas Batt, one of the four children of Martha Batt and grandchild of the testator, knew of the provision made for him in that clause of his grandfather's will just quoted above; and on January 27, 1882, he made his will, the second clause of which is in these words: "I give and bequeath to my wife, Roxey Batt, all my estate that is coming to me from my grandfather, Bennet Cooper."

On the next day Thomas Batt died, without issue, leaving his wife, Roxey, surviving.

Thereafter, in due time, the will of Thomas Batt was admitted to probate, James L. Kirby being qualified as executor thereof.

Bennet 'Cooper, the original testator and grandfather of Thomas Batt, lived until 1886, and then died. His said will, made in 1873, was then probated, and Dempsey Cooper became his executor.

Roxey Batt, widow of Thomas Batt, intermarried with William Dixon; and, on January 15, 1889, she and her husband and the executor of Thomas Batt filed this bill, to recover from Dempsey Cooper, executor of Bennet Cooper, that part of the latter's estate given to Thomas Batt by the third clause of his (Bennet Cooper's) will.

The Chancellor dismissed the bill on demurrer, and complainants have appealed to this Court.

It is alleged in the bill that Bennet Cooper knew of the death of his grandson, Thomas Batt, and of the execution, probate, and contents of the latter's will; and that, notwithstanding this knowledge, he (Bennet Cooper) permitted the provision in his own will, for the benefit of Thomas Batt, to stand unchanged.

And from the facts thus alleged it is urged, in argument at the bar, that it was the clear intention of Bennet Cooper that complainant, Roxey, the widow of Thomas Batt, should take the share of her husband under his (Bennet Cooper's) will; and that such being his intention, it should prevail, and she should have the relief sought in her bill.

The object of all construction is to arrive at the intention of the testator, and, when ascertained, that intention will be enforced, unless contrary to

law or public policy. But that intention must be learned from the language used in the will, aided, when necessary, by the peculiar facts and circumstances surrounding the testator at the time of its execution.

Looking to the language of Bennet Cooper's will, and applying this primary rule of interpretation, no provision whatever is found for the contingency which happened; hence, the course of the property given by Thomas Batt must be determined alone by rules of law applicable to such a case. The testator neither declared for himself what course it should take in case he should survive his grandson, for whom the provision was made, nor did he undertake to authorize the latter, in such event, to dispose of it by his own will.

If the facts alleged were admitted to be sufficient to show that Bennet Cooper, after the death of Thomas Batt, desired and intended that the widow of Thomas Batt should stand in his shoes and enjoy the provision made for him, that would manifestly give her no interest or benefit under the will of Bennet Cooper, previously executed; for the very evident and all-sufficient reason that no such desire and intention were incorporated in the will. A mere desire and intention on the part of A that B shall have a share of A's estate, or that B shall take the place of C, who is in fact provided for, if C die before A, will confer no rights upon B, unless such desire and intention find expression in the will.

The next position taken in behalf of complainants is, that the will of Bennet Cooper vested an inchoate right in Thomas Batt which he could and did effectually dispose of by his will.

This proposition is predicated on the assumption that our statute was taken from the English statute, and that · the latter has been construed, by the English Courts, to vest the right and confer the power here contended for.

Our statute is in these words: "Whenever a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue, who survives the testator, said issue shall take the estate devised or bequeathed, as the devisee or legatee would have done had he survived the testator, unless a different disposition thereof is made or required by the will." Code, § 3036 (M. & V.); § 2196 (T. & S.).

The English statute is as follows: "That where any person, being a child or issue of the testator, to whom any real or personal estate shall be devised or bequeathed, for any estate or interest not determinable at or before the death of such person, shall die in the life-time of the testator, leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect as if the death of such person had happened immediately after the death of the testator, unless a contrary intention shall appear by

the will." 1 Vict., Ch. 26, Sec. 33; 1 Jarman on Wills (R. & T.), 638.

It is first to be observed with respect to these statutes, that they are intended alone to meet the case where a devisee or legatee dies "*leaving issue*," and not every case where such person dies before the testator. Therefore, the statutes have no application to the case before us, and afford no foundation for the proposition insisted upon, inasmuch as Thomas Batt, the devisee or legatee, did not die "*leaving issue*," but died *without issue*.

If authority were necessary for this construction, we have it in *Strong* v. *Ready*, 9 Hum., 170, where this Court held that the statute in question had *no application*, because the devisee died *without issue*.

It results that the present case must be determined upon the law as it existed before the enactment of those statutes, and as it has since been administered in cases to which they are not applicable.

The general and well-settled rule in all cases not within the scope of those statutes, is that all devises and legacies shall be deemed lapsed if the devisee or legatee dies in the life-time of the testator. 4 Kent, 641; 1 Jarman on Wills, 617; *Morton* v. *Morton*, 2 Swan, 319; 3 Meigs' Dig., Sec. 2750; 2 Redfield on Wills, Sec. 50, p. 484.

That rule governs this case.

Affirmed.