STATE v. ALSTON.

(*Jackson.*    April 20, 1895.)

1. TAXATION.    *Succession or inheritance taxes constitutional.*

   The Legislature has constitutional power to impose a privilege
   tax upon the right of succession, whether by will, inheritance,
   or otherwise, to the estates of deceased persons.    This right
   of succession is not a natural right, but a mere privilege cre-
   ated by statute, and subject to such conditions and burdens as
   the Legislature may choose to impose for the public benefit.·
   (*Post, pp. 678–682.*)

   Act construed : Acts 1893, Ch. 174 ; Ch. 89, Sec. 7.

   Cases cited : See numerous citations in opinion.

2. SAME.    *Succession tax not void for want of uniformity.*

   A statute imposing a succession tax upon collateral kindred and
   strangers, but exempting direct descendants of the decedent
   from the tax, is valid.    The discrimination is based upon just
   grounds, and the classification is natural and reasonable, not
   capricious and arbitrary.    (*Post, pp. 682, 683.*)

   Cases cited and approved : State v. Schlier, 3 Heis., 286 ; Ful-
   ghum v. Mayer, 8 Lea, 635 ; Robbins v. Taxing District, 13
   Lea, 303 ; Demoville v. Davidson County, 87 Tenn., 218 ; 2 L.
   R. A., 825 ; 25 L. R. A., 632.

3. SAME.    *Same.*

   A statute imposing a succession tax which exempts all estates
   of less value than $250 is valid.    This exemption is based upon
   sound reason and policy.    (*Post, pp. 683, 684.*)

   Case cited and approved : 26 L. R. A., 264.

---

FROM  LAUDERDALE.

---

Appeal in error from Circuit Court of Lauderdale
County.   THOS. J. FLIPPIN, J.

Attorney-general PICKLE and J. P. GAUSE for the State.

W. E. LYNN and W. G. LYNN for Alston.

WILKES, J.    This cause involves the constitutionality, and, to some extent, the construction, of Chapter 174, and Section 7 of Chapter 89, of the Acts of 1893, the former being an Act to provide for a collateral inheritance and succession tax, and the latter a section of the general revenue law passed at that session.

The Court below held the Acts to be constitutional; that the interests passing under the will of John J. Alston to his widow and to his brother, Volney S. Alston, were not subject to such tax, but that other devises and legacies were subject thereto, as will be more fully explained hereafter.    Both the State and the parties held liable appealed, but the State has assigned no errors.

The facts as agreed upon are substantially as follows: Dr. John J. Alston died in Lauderdale County in June, 1894.    He left a will, which was duly probated, and his widow, Mary Frances Alston, is his executrix.    He owned the personal property and real estate referred to in his will.    This will gives to his widow certain notes on Jones and others, some mill machinery, a life interest in tracts of two hundred and thirty-five acres, one hundred and twenty acres, fifty acres, and five acres of land; all cash on hand or deposit, the rents of a storehouse in

Henning, Tenn., during life, the dividends and profits on his $3,000 of stock in a Ripley bank for life, and possibly some other property. To his niece, Mrs. Lee A. Crutcher, and her husband, W. C. Crutcher, he gave two tracts of land during life, one containing two hundred and forty acres, and the other twelve and one half acres, with remainder to their children. He also gave to his niece and her husband certain live stock.

To Mrs. McCowan and Mrs. Griggs, two nieces, he gave a remainder interest in the tracts of one hundred and twenty acres and fifty acres, in which a life estate was given to the widow, providing that the widow might give them possession before her death if she chose to do so.

The two hundred and thirty-five acre tract and the five acre tract of land, given to the widow for life, is directed to be sold at her death, and the proceeds to be divided one half to the testator's brother, Volney S. Alston, and the other half to two nephews, William and James Dyer.

The decree of the Court below is, substantially, that the property given to the widow, Mary F., and the brother, Volney S., is not subject to the succession or inheritance tax provided by such Acts, but that such of it as was given to William and James Dyer was subject to such tax, but nothing was decreed as to the property given to Lee A. Crutcher and her husband.

It is stated by counsel representing the defend-

ants that there is a clerical mistake in the decree, in that the liabilities of the property given to William and James Dyer are adjudicated, when it was intended to adjudicate the rights of Mrs. Lee A. Crutcher and her husband, and it is agreed that it may be treated as corrected.

William and James Dyer are not parties to the agreed case in the Court below, nor in this Court, but Mr. and Mrs. Crutcher are parties in both Courts, and their counsel in this Court appears for them and waives the error and submits the question as to their liability. Considering the record as thus corrected, we proceed to examine the questions presented.

It is manifest that, by the express terms of the Acts referred to, none of the property of the testator passing under his will to his widow, is subject to the tax therein provided, and we proceed to examine as to the liability of the property, personal and real, given by the will to Lee A. Crutcher and her husband, W. C. Crutcher.

The first section of Chapter 174, Acts of 1893, provides for a tax upon all estates, real, personal, and mixed, situated in the State, whether the person dying seized live in the State or not, passing either by will or inheritance, or by any deed, grant, bargain, gift, or sale made in contemplation of death, or to take effect, in possession or enjoyment, after the death of the grantor, to any person or body corporate or politic, in trust or otherwise,

when the property thus passing goes to any other than the father, mother, husband, wife, children, and lineal descendants, provided that no estate valued at less than $250 shall be subject to said duty or tax, and that the term "children" shall not be construed to apply to adopted children. This Act was intended to put into operation a general system of succession or inheritance taxation, and to repeal all laws in conflict with it. It was approved April 10, 1893, and fixes the rate of taxation at $5 on the $100 of value of the property passing.

On the same day, but whether prior or subsequent in point of time does not appear, the general revenue Act was passed for that session, being Chapter 89; and in the seventh section of the latter Act a similar tax is provided and assessed. This section differs from Chapter 174, in that it exempts property passing to the same parties mentioned in Chapter 174, and, in addition, the following persons : Brothers, sisters, the wife or widow of a son and husband of a daughter, and any legally adopted child; but no mention is made of exemptions of estates of less than $250 in value.

No error is assigned nor point made as to this variance, and, as the question of the effect of the variance is in no way presented, and, as to the parties before us, cannot arise directly, we express no opinion as to this variance and its effect, if any.

It is contended that the Acts are unconstitutional because they attempt to restrain and restrict the dev-

olution of property by will or inheritance by placing a tax upon such devolution; and, again, because the Act is partial, in that the tax is imposed if the property is given to certain persons but not if given to others; and, again, that the tax is not equal and uniform, because small estates of less than $250 in value are exempt from its operation, while those of that amount or over are subject to its provisions.

In considering these grave questions, a short history of succession and inheritance taxes may not be inappropriate. Such taxes were recognized by the Roman law. Gibbons' Decline and Fall of the Roman Empire, Vol. I., pp. 163–4. They were adopted in England in 1780, and have been much extended since that date. Dowell's History of Taxation in England, 148; Acts 20 George III., Ch. 28; 45 George III., Ch. 28; 16 and 17 Victoria, Ch. 51; *Green* v. *Craft*, 2 H. Bl., 30; *Hill* v. *Atkinson*, 2 Merivale, 45. Such taxes are now in force generally in the countries of Europe. *Review of Reviews*, February, 1893. In the United States, they were enacted in Pennsylvania in 1826; Maryland, 1844; Delaware, 1869; West Virginia, 1887; and still more recently in Connecticut, New Jersey, Ohio, Maine, Massachusetts, in 1891; Tennessee in 1891, Chapter 25, now repealed by Chapter 174, Acts 1893. They were adopted in North Carolina in 1846, but repealed in 1883. Were enacted in Virginia in 1844, repealed in 1855, re-enacted in 1863, and repealed in 1884. In New Hampshire, Wisconsin, Minnesota, and Ver-

mont such laws have been passed, but held uncon-
stitutional on various grounds.

Upon general principles the right to tax the suc-
cession or inheritance of property is founded on a
reasonable basis, since the right of any person to
succeed to property of a deceased person, whether by
will or inheritance, is a creature of statute law, and
the manner in which it shall pass by no means a
natural right.    2 Blackstone's Com., p. 10; 2 Kent's
Com. (12th Ed.), 325; Dos Passos Collateral Inheritance
Tax, 20; *Bretlaw* v. *Fox*, 100 Mass., 234; *Majer*
v. *Guina*, 8 How., 490; *Wallace* v. *Meyers*, 4 L.
R. A., 171; *Peters* v. *Lynchburg*, 76 Va., 927; *State*
v. *Dalrymple*, 70 Md., 294; 3 L. R. A., 372; *Pal-
len* v. *Wake Co. Com's*, 66 N. C., 361; *Strode* v. *Com.*,
52 Pa., 181; *Re Swift's Estate*, 18 L. R. A., 709;
137 N. Y., 77; *Curry* v. *Spencer*, 61 N. H., 624
(60 Am. R., 337).

This idea is recognized almost universally by
statutes which provide the manner in which property
shall descend in the absence of any will of the de-
ceased, and in statutes which regulate the passage
of property by will.

As the right to succeed depends upon the law of
the State, it follows that the State may regulate
that right as public necessity or policy may dictate,
and may subject it to such burdens and reasonable
conditions as may best subserve the purposes of the
State.

It must be borne in mind that the tax is not

State *v.* Alston.

upon the property, but the right or privilege of acquiring it by succession. It is a condition upon which the person may take the estate of a deceased relative by inheritance or testator by his will. It is a retention by the State of a part of a deceased person's property which the State may take to meet its necessities, and which in certain cases it may take *in toto*, as in cases of escheated property. It is not a tax upon the right of alienation, but on the privilege of receiving by inheritance or will or otherwise, at the death of a former owner. *Strode* v. *Com.*, 52 Pa. State, 181; *Eyre* v. *Jacob*, 14 Gratt., 431 (73 Am. Dec., 367); *Peters* v. *Lynchburg*, 76 Va., 929; *In re Howe's Estate*, 2 L. R. A., 825, and note; *Schoolfield* v. *Lynchburg*, 78 Va., 366; *Clymer* v. *Com.*, 52 Pa. State, 189; *Carpenter* v. *Penn*, 17 How., 463; *Frederickson* v. *Louisiana*, 23 How., 447; *Tyson* v. *The State*, 28 Md., 577; *State* v. *Dalrymple*, 70 Md., 298 (3 L. R. A., 372); Matter of Howard, 5 Denio (N. Y.), 487; *State* v. *Mann*, 76 Wis., 469; *Minot* v. *Winthrop*, 26 L. R. A., 259; *State* v. *Hamlin*, 25 L. R. A., 632; *Scholey* v. *Reed*, 23 Wall., 331; *Re Knoedler's Will*, 140 N. Y., 377; *Re Merriam's Estate*, 141 N. Y., 479.

In *Curry* v. *Spencer*, 61 N. H., 624, reported also in 60 Am. Rep., 337, the constitutionality of such taxes was denied on the ground that the act imposing it was discriminating, unequal, and not proportional. But they have been sustained in very

many cases, only a few of which we cite. *Majer* v. *Guina*, 8 How., 490; *Scholey* v. *Reed*, 23 Wall., 331; *In re Howe's Estate*, 2 L. R. A., 825; *Wallace* v. *Meyers*, 4 L. R. A., 171; *Eyre* v. *Jacob*, 14 Gratt., 422 (73 Am. Dec., 367); *Tyson* v. *The State*, 28 Md., 577; *State* v. *Dalrymple*, 70 Md., 294 (3 L. R. A., 372); *Re McPherson*, 104 N. Y., 306; *Strode* v. *Com.*, 52 Pa., 181; *Minot* v. *Winthrop*, 26 L. R. A., 259.

In the latter case, the right to transmit property is called a privilege, and also a commodity, in the sense of the Constitution of Massachusetts, and which the State has a right to sell at a reasonable price. See also *Re Romaines' Estate*, 12 L. R. A.; 401; *Re Howe's Estate*, 2 L. R. A., 825; *Catlin* v. *Trinity College*, 3 L. R. A., 206.

Upon reason and authority, we are of opinion that the tax is constitutional, and may be sustained as a tax upon the privilege or condition of receiving property by will or inheritance.

It is next insisted that the tax is not made uniform, but bears unequally, inasmuch as a distinction and difference is made between direct descendants and collateral kindred and strangers. If this is so, it has abundant reason upon which to sustain such discrimination, for the moral claim of collaterals and strangers is less than of kindred in the direct line, and the privilege is, therefore, greater.

It is well settled that classifications may be made of privileges for purposes of taxation, and it has

State v. Alston.

generally been done in our revenue laws, the only restriction being that the classification should be natural, and not arbitrary. *State* v. *Schlier*, 3 Heis., 286; *Fulghum* v. *Mayer*, 8 Lea, 635; *Robbins* v. *Taxing District*, 13 Lea, 303; *Demoville* v. *Davidson County*, 87 Tenn., 218; *In re Howe's Estate*, 2 L. R. A., 825; *State* v. *Hamlin*, 25 L. R. A., 632.

We conclude that the tax is not unconstitutional because it discriminates between direct descendants and collateral kindred and strangers.

. Again, it is said the tax is unconstitutional because of the $250 exemption, and it is properly said the exemption is not of $250 out of all estates, but that estates under $250 in value are exempted from any tax. In other words, an estate worth $249 escapes taxation, but one of $250, or over, is subject to tax.

It is peculiarly within the province of the Legislature to declare what privileges shall be taxed, and what exemptions may be allowed, in order to make taxes bear most lightly upon those least able to bear them, and the exemption of small estates is neither arbitrary, nor is it devoid ·of good reason, inasmuch as the expenses of administration are proportionately much greater in small than in large estates. In the various States, when such taxes are imposed, there is a similar exemption depending on the size or value of the estate. In New York the limit is $500; in Pennsylvania, $250; in Maryland, New Jersey, Delaware, Maine, Michigan, and California, $500;

in Connecticut and West Virginia, $1,000; in Ohio and Massachusetts, $10,000. Doubt as to the constitutionality of this tax, on the ground of the exemption, has been expressed in *State* v. *Mann*, 76 Wis., 469; *State* v. *Gorman*, 40 Minn., 232; *Le Duc* v. *Hastings*, 39 Minn., 110. But in many other cases the exemption has not been held to affect the validity or constitutionality of the Act. See the cases already cited, and specially the case of *Minot* v. *Winthrop*, 26 L. R. A., 264.

We are of opinion that the Act is not invalid or unconstitutional on account of the exemption. The result is, that, under the provisions of the Acts of 1893, the property given by the will of John J. Alston to his widow, Mary F. Alston, is not subject to the tax imposed by said Act.

The live stock given to W. C. and Lee A. Crutcher is liable to such tax, as well as their life estate or interest in the tracts of two hundred and forty and twelve and one half acres of land, the said Lee A. being a niece of the testator, and W. C. Crutcher a stranger in blood. The interests given by the will to the children of W. C. and Lee A. Crutcher, to Volney S. Alston, to William and James Dyer, to Mrs. McCowan, and Mrs. Griggs, are all estates or interests in remainder, and, by the express terms of Chapter 174, cannot be taxed until the termination of the life estates in the same premises, and the question of their liability cannot now be properly adjudicated.

State *v.* Alston.

The decree of the Court below is modified as herein indicated, and otherwise affirmed. The costs of the cause on appeal will be paid, one half by the State and the other half by W. C. and Lee A. Crutcher. The cost of the Court below will remain as therein adjudicated.