Hillsborough Probate Court,
No. 5821.

## In re Beatrice M. Plaisted Estate.

Submitted April 2, 1969.
Decided April 30, 1969.

*George S. Pappagianis,* Attorney General and *W. Michael Dunn,* Attorney (by brief) for the New Hampshire Tax Commission.

*Frank B. Clancy* for Leonard M. Sherman, executor u/w of Beatrice M. Plaisted, filed no brief.

KENISON, C. J. The question presented in this case is whether the exemption from the State inheritance tax (RSA 86:6 (supp)) of those who take property by virtue of the antilapse statute (RSA 551:12) is to be based upon their relationship to the testator or upon that of the legatee who predeceased the testator. This question has not been decided in this state and the case law in other jurisdictions is relatively sparse. Annot. 168 A.L.R. 271. In the factual context of this case the question may be stated more specifically as whether a State inheritance tax is due the State of New Hampshire (RSA 86:6 (supp)) by virtue of a bequest made by the decedent to her husband who predeceased her, survived by issue who were stepchildren to the decedent succeeding to the bequest under the antilapse statute. RSA 551:12.

The case reaches us as a certification of a question of law from the Hillsborough probate court (*Galanes*, Acting Judge of Probate) under the procedure authorized by RSA 547:30. *In re Grondin Estate*, 98 N. H. 313, 315. The facts are not in dispute. The decedent bequeathed $5,000 to her husband who predeceased her. The husband was survived by his two children, neither of whom is the natural or adopted child of the decedent. Those children take their father's bequest under the antilapse statute which reads as follows: "551:12 HEIRS OF LEGATEE. The heirs in the descending line of a legatee or devisee, deceased before the testator, shall take the estate bequeathed or devised, in the same manner the legatee or devisee would have taken it if he had survived." *Tate* v. *Hooper*, 97 N. H. 432, 433.

Our State inheritance tax statute (RSA 86:6 (supp)), commonly referred to as the Legacy and Succession Tax Act, taxes property passing to collateral relatives but exempts a husband, wife, father, mother or lineal descendant, including adopted children in the decedent's line of succession. Laws 1963, ch. 112. The exemption depends upon relationship of the recipient to the "decedent" testator (See RSA 86:6), and his stepchildren are not "lineal descendants" within the meaning of the statute. The antilapse statute was in effect many years before the inheritance tax statute was enacted (*Goodwin* v. *Colby*, 64 N. H. 401) and there is no indication that the former statute, or its reenactment, was a legislative attempt to modify the tax laws or to enlarge the class of exempt persons under RSA 86:6. See *In re Burnison's Estate*, 33 Cal. 2d 638, affirmed in *United States* v. *Burnison*, 339 U. S. 87. The long and short of the matter is that the antilapse statute was intended to and does regulate succession but it does not modify or control the specific list of exempt persons stated in the inheritance tax statute. *First Nat. Bank* v. *McCanless*, 184 Tenn. 114.

The State inheritance tax statute is not an estate tax but a tax on the interest that passes to the legatee. *In re Grondin Estate*, 98 N. H. 313. The tax operates on the amount of the gift received and is not affected by the amount of the estate. It is the person who receives the gift that is taxed and not the person who would have received it had he not predeceased the testator. This is not a one-way street geared solely to the advantage of the taxing authorities. If, for example, a collateral heir refused to accept a bequest and this bequest passed to a residuary

legatee who was exempt, the State would have no authority to collect a tax against either the collateral heir or the residuary legatee. See *Bradley* v. *State*, 100 N. H. 232.

We conclude that the determination of whether a person is exempt from the State's inheritance tax who takes property by virtue of the antilapse statute is based upon his relationship to the testator and not upon that of the legatee, who predeceased the testator. This conclusion is mandated by the words and the scheme of the inheritance tax statute. Although the cases are not legion, those jurisdictions that have considered the matter under similar statutes have reached the same conclusion. *Matter of Keenan*, 302 N. Y. 417; *In re Hulett*, 121 Iowa 423; *First Nat. Bank* v. *McCanless*, 184 Tenn. 114; *State* v. *Goettelman*, 192 Iowa 808. Only if the Legislature should see fit to place stepchildren on the same basis as natural children would they be exempt under the inheritance tax statute.

*Remanded.*

LAMPRON, J., did not sit; the others concurred.