John A. McREYNOLDS, Sr., and Jack Rhea Rodgers, Co-Executors of the Estate of Mary E. McReynolds, Appellees,

v.

George M. TIDWELL, Commissioner of Revenue, State of Tennessee, Appellant.

Supreme Court of Tennessee.

Dec. 4, 1972.

David M. Pack, Atty. Gen. of Tenn., Everett H. Falk, Asst. Atty. Gen. of Tenn., Nashville, for appellant.

John A. McReynolds, Jr., Knoxville, for appellees.

## OPINION

JOHN W. WILSON, Special Justice.

For convenience, the appellant and appellees hereinafter will be referred to as the Commissioner and the plaintiffs, respectively.

The plaintiffs in the reply brief adopted a statement of the case as made by the Commissioner and agree that it is substantially correct in reflecting the nature and purpose of the case, the points raised by the pleadings and the decision of the Chancellor, and we insert the same as follows:

"On February 14, 1972, the Plaintiffs, John A. McReynolds, Sr. and Jack Rhea Rodgers, in their capacities as Co-Executors of the Estate of Mary E. McReynolds, filed a complaint in the Chancery Court for Knox County alleging that the Commissioner had wrongfully and illegally assessed and collected additional inheritance taxes with respect to the estate of Mary E. McReynolds in the amount of $1,451.48, which resulted when the Commissioner treated one-half of that portion of the estate which was

transferred under the eighteenth clause of the decedent's will as a Class B taxable estate rather than a Class A taxable estate as reported in the inheritance tax return filed by the Plaintiffs. The Plaintiffs alleged that the eighteenth clause of the decedent's will created two tenancies by the entireties, each of which included a Class A beneficiary, with the result that the entire portion of the estate so transferred was entitled to Class A treatment for inheritance tax purposes. The eighteenth clause of the decedent's will provided as follows:

'EIGHTEENTH: After the payment by my executors of the debts as set forth in the Second paragraph and the bequests in the Third through Sixteenth paragraphs, I give, devise and bequeath all the rest and residue of my estate of every kind and character wheresoever situated, whether now owned by me or hereafter acquired, one-half to my son, JOHN A. Mc-REYNOLDS, SR. and his wife, LADY GOODMAN McREYNOLDS, and one-half to my daughter, ELIZA-BETH ANNE RODGERS, and her husband, JACK RHEA RODGERS. In the event my son and his spouse or my daughter and her spouse predecease me, then the one-half share of my estate willed under the terms of this paragraph to the husband and wife dying before me shall go to their heirs living at my death, so that said heirs shall take in equal parts the share of the portion of my estate which their parents would have taken if the said parents had survived me.'

On March 14, 1972, the Commissioner filed a motion to dismiss the complaint under Rule 12.02(6) of the Tennessee Rules of Civil Procedure on the grounds that the complaint failed to state a claim upon which relief could be granted in that the complaint showed on its face that two of the four beneficiaries named in the will are Class B beneficiaries under the inheritance tax law and that

therefore Plaintiffs are not entitled to treat the estate as an estate distributable solely to Class A beneficiaries. A hearing on the motion was held on April 7, 1972, in the Chancery Court for Knox County, Part I, before the Honorable William P. Newkirk, Chancellor. At the hearing the defendant's motion was treated as one for summary judgment, it having been stipulated that there was no factual dispute between the parties. At the conclusion of the hearing the Chancellor found that:

'. . . the intent of the Testatrix in her will was to create two tenancies by the entireties and further that she intended to have said tenancies by the entireties pass lineal rather than collaterally and therefore the amount passing under paragraph 18 of said Testatrix's will should be taxed as a Class A estate rather than one-half Class A and one-half Class B.'

In accordance with his findings the Chancellor decreed a recovery in favor of the Plaintiffs in the amount of $1,451.48, plus interest. The Commissioner duly excepted and perfected an appeal."

The assignments of error by the Commissioner and the specific reply thereto by the plaintiffs present the question whether the executors of an estate which is distributable under the terms of a will that creates two tenancies by the entireties are entitled, for Tennessee inheritance tax purposes, to treat the estate as distributable solely to Class A beneficiaries where such tenancy includes both Class A and Class B beneficiaries.

It is insisted by the Commissioner that the treatment of the estate solely as Class A beneficiaries is erroneous for the following reasons:

(1) It fails to apply the inheritance tax to the taxable privilege enjoyed by the Class B beneficiaries, thereby effectively

creating an exemption from taxation where none positively appears in the taxing statutes.

(2) It fails to recognize the settled principle that the rate of inheritance taxation is determined by the relation of the beneficiaries to the decedent, not according to the relation between the beneficiaries themselves or to their method of acquiring the property.

(3) It fails to acknowledge that the common law property concept of tenancy by the entireties is not controlling in applying the provisions of the inheritance tax statutes.

To these contentions of the Commissioner, as set out immediately above, the plaintiffs reply:

(1) The Testatrix did what the law says she could do, that is she created a legal oneness in her son and his wife and a legal oneness in her daughter and her husband. By operation of law the Testatrix created two tenancies by the entireties and each husband and wife must be recognized as one unit and each spouse seized of the whole and not a share or divisible part.

(2) The Testatrix intended that the property passing under the residuary clause of her will pass lineally and not collaterally.

(3) The common law property concept of tenancy by the entirety, although not controlling in applying the provisions of the Inheritance Tax Statutes, however, should be given great weight in determination of a taxing question where the Legislature has not spoken and said exactly what is the taxing authority of a tenancy by the entirety.

■ It is well settled in this State that the Inheritance tax is a privilege tax on the privilege of receiving property from a decedent. State v. Alston (1895) 94 Tenn. 674, 30 S.W. 750, and also American National Bank v. McFarland (1961) 209 Tenn. 263, 352 S.W.2d 441.

The inheritance tax is not a tax on a decedent's privilege of disposing of his or her property. First National Bank of Memphis v. McCanless (1946) 184 Tenn. 114, 195 S.W.2d 756.

T.C.A. Sec. 30–1609, after providing exemptions for Class A beneficiaries and Class B beneficiaries, then proceeds as follows:

"  .   .   .

The following named beneficiaries shall be included in—

Class A. Husband, wife, son, daughter, lineal ancestor or lineal descendant.
.   .   .
Class B. Any other relative, person, association or corporation not specifically designated in Class A.
.   .   ."

T.C.A. Sec. 30–1610 imposes a tax on Class B beneficiaries at a higher rate than Class A beneficiaries and the State's right to do this has been recognized since the ruling in State v. Alston, supra, upon the theory that the moral claim of collateral and strangers is less than that of kindred in the direct line and the privilege is therefore greater.

From the brief of the plaintiffs we quote the following:

"(1) The Testatrix did what the law says she could do, that is she created a legal oneness in her son and his wife and a legal oneness in her daughter and her husband. By operation of law the Testatrix created two tenancies by the entireties and each husband and wife must be recognized as one unit and each spouse seized of the whole and not a share or divisible part."

This is a correct statement, to the effect that the testatrix had created two estates by the entirety, but it does not answer the question before us.

In First National Bank of Memphis v. McCanless, supra, the late Chief Justice Green said, 195 S.W.2d on page 758:

"Suppose this property did pass to Mrs. Wilbourn by operation of law. That is not determinative of her classification. Class A recipients remain such whether they take under a will, under the statutes of descent and distribution, or 'in any other manner' by operation of law 'upon the death of any person.' So with Class B recipients. Each is classified according to the relation of such recipients to the donor, not by the method of their acquisition."

The inheritance tax law does not follow the unitary concept of tenancy by the entirety in determining which property is to be included in the estate of a decedent. Under T.C.A. Sec. 30–1603, property held in a tenancy by the entireties is included for inheritance tax purpose in the estate of a decedent to the extent that it is clearly shown to have belonged to the decedent, and in the absence of such a showing, a fractional part of the value of the property is includable according to the statutory formula provided by T.C.A. Sec. 30–1603(a).

We have noted that counsel for the plaintiffs has said in the excellent brief filed, to the effect that the testatrix intended that the property passing under the residuary clause of her will pass lineally and not collaterally. We agree with the statement, but it is not a question of the intention of the testatrix but what the Act contemplated.

"Where, according to the language of the statute, there has been a taxable incident, it shall be taxed unless there is in the statute, itself, some language which furnishes a basis for foregoing taxation." American Nat'l. Bank & Trust Co. of Chattanooga v. Benson (1971) Tenn., 474 S.W.2d 427, 430.

While we agree with the Chancellor's statement that it was the intention of the testatrix to create two tenancies by the entireties and that she intended the property to pass lineally, we do not think that the intention of the testatrix is the controlling factor.

Sec. 30–1601 of the Act specifies the kind of property transferred on which the tax is imposed:

Sec. 30–1602 provides that the transfers enumerated in Sec. 30–1601 shall be taxable if made

(a) By a Will.

As we have mentioned hereinabove, Class A and B recipients are each classified according to the relation of such recipient to the donor, not by the method of their acquisition.

The decree of the Chancellor is reversed and the costs assessed against the plaintiffs.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.