Sue Morrison **BOATMAN** and Walter Coppinger, Co–Administrators of the Estate of Garnett Morrison, Plaintiffs–Appellees,

v.

Catherine **MORRISON,**
Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Nov. 19, 1987.

Permission to Appeal Denied by
Supreme Court March 7, 1988.

Gerald Largen, Kingston, for defendant-appellant.

Jack H. McPherson, Jr., Kingston, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

The defendant appeals from a judgment ordering her to reimburse the administrators for state and federal inheritance taxes paid in the amount of $19,217.95, and the determination that the contents of a safety deposit box are part of the estate of Garnett Morrison.

Garnett Morrison died intestate in June, 1980 and a few days later his brother, Tom Morrison, died testate, leaving to Catherine certificates of deposit, which he jointly held with the right of survivorship with Garnett.

Catherine received a total of $68,146.00 via deposit certificates from the two estates. The value of the deposit certificates was included in the tax returns filed in the estate tax returns of Garnett Morrison and the administrators paid the total taxes assessed from the proceeds of the estate in their possession.

■ Defendant insists she should not be taxed in Garnett's estate on money she inherited from her brother Tom's estate. She claims the inheritance tax should have been taxed to Tom's estate and further insists the time allowed by the statute to file a claim in Tom's estate has expired and she should take free of any inheritance tax.[1]

Under T.C.A., § 30–2–310, claimants are required to file a claim against an estate within six months of a notice to creditors; however, the statute only bars claims against the estate and does not bar a creditor who may have other legal remedies. *See Third National Bank in Nashville v. Brown*, 691 S.W.2d 557 (Tenn.App.1985). Defendant, as holder of the certificates of decedent, may be required to pay any inheritance taxes owed by the estate wherein the certificates create a tax liability. T.C.A., § 30–2–614.

■ Defendant also charges the tax computed upon her portion of the estate violates the Equal Protection Clause of the Constitution, since the taxes were computed on the relationship of her share of the estate to the total taxable estate, which was $600,869.46. T.C.A., § 30–2–614 specifically provides for pro-ration of the tax from the persons "interested in the estate". Prior to the statutory enactment, the burden of paying the estate taxes devolved upon the residuary estate. Inheritance and estate tax statutes have been ruled constitutional. *See Riggs v. Deldrago*, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942); *Coolidge v. Long*, 282 U.S. 582, 51 S.Ct. 306, 75 L.Ed. 562 (1931); *State v. Alston*, 94 Tenn. 674, 30 S.W. 750 (1895). The statute directs the tax will be "equitably pro-rated"

among the persons interested in the estate and the evidence does not preponderate against the chancellor's factual determination that the amount of tax pro-rated to defendant was the proper amount.

■ The remaining issue is the ownership of the contents of a bank safety deposit box, which contained $8,000.00 in Series H. bonds and $40,000.00 in coupon bonds for the City of Elizabethton. These bonds were apparently purchased in May of 1972. The box also contained a memo on a Kingston Bank and Trust Company statement that deceased was withdrawing money from that bank to purchase Elizabethton bonds. The memo, in decedent's handwriting, noted the bonds were to be payable to his sister, Catherine, upon his death and was signed by deceased.

Defendant maintains that the contents of the box belonged to her since she had in her possession at the time of death a key to the box and had been given some of the income generated by the bonds. While she was in possession of one of the keys to the box, she was not under the contract with the bank entitled to enter the box.

Defendant relies on *Collins v. McCanless*, 179 Tenn. 656, 169 S.W.2d 850 (1943), wherein the court held that possession of a key to a safety deposit box without the right of entry, coupled with the sharing of coupon interest, constituted constructive delivery of one-half interest in certain bearer bonds in the safety deposit box. The *Collins* court concluded, since the gift involved a one-half undivided interest in the chattel, coupled with the clear donative intent of the donor, on the facts of that case a constructive delivery had occurred. In the instant case, defendant claims the ownership of all the bonds and there is no evidence of any delivery. The familiar rule establishing a gift *inter vivos* is that a gift does not become effective until complete control of the gift is surrendered by the donor and acquired by the donee. *Brown*

---

1. The tax is not levied on the property but rather on the privilege of inheriting. *McReynolds v. Tidwell*, 488 S.W.2d 366 (Tenn.1972).

*v. Vinson*, 188 Tenn. 120, 216 S.W.2d 748 (1949).

Finally, defendant argues she owns the Elizabethton bonds since the memo is a valid holographic will.[2] This issue is not properly before the court. A judicial determination of the character and validity of a written instrument as a testamentary devise is determined upon offering the document for probate in the proper court. *Zuccarello v. Erwin*, 2 Tenn.App. 491 (1926). Moreover, until a document is probated as a will it has no legal effect. *Weaver et al. v. Hughes*, 26 Tenn.App. 436, 173 S.W.2d 159 (1943).

The judgment of the trial court is affirmed, as modified, and the cause remanded, with costs incident to the appeal assessed to appellant.

SANDERS, P.J. (E.S.), and WILLIAM H. INMAN, Special Judge, concur.

2. The Chancellor concluded the document was not a will.