Cheshire County Probate Court
No. 87-223

*In re* ESTATE OF OSCAR A. HEBERT

June 8, 1988

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the Department of Revenue Administration.

*Michael P. Bentley*, of Keene, by brief and orally, for the Estate.

THAYER, J.   The State appeals from the Cheshire County Probate Court's (*Espiefs*, J.) decision vacating the assessment by the department of revenue administration (DRA) of an inheritance tax due on jointly held property pursuant to RSA chapter 86, our Legacies and Successions taxation statute, and ordering a partial refund. The question presented is whether RSA 86:8 and :9, when read together, require the survivors of jointly held property, who paid no consideration for the property, to pay a succession tax on the entire value of the property, or whether the survivors must pay a tax based upon the fractional undivided interest owned by the decedent at the time of his death. The probate court determined that the tax should be assessed upon decedent's fractional one-fourth interest which passed to his survivors at death. We reverse.

In 1981, decedent Oscar Hebert conveyed certain real estate owned by him in Swanzey to himself and to three of his nephews as joint tenants with rights of survivorship. None of the nephews provided any consideration for the conveyance. Mr. Hebert died in 1986, and the property was appraised at that time at $73,500.

The DRA had calculated a tax of $11,025 based on the entire value of the property. The nephews paid the tax and subsequently brought an appeal in the Cheshire County Probate Court pursuant to RSA 86:47. The probate court determined that the tax should have been based only upon the fractional one-fourth interest owned by decedent prior to his death, rather than on the entire interest. The court determined that the tax due was $2,756.25 rather than $11,025 and ordered the State to reimburse the nephews for the excess tax paid. The DRA now appeals.

In its decision, the probate court relies upon a reading of RSA 86:8, which states in pertinent part:

"86:8 JOINT OWNERSHIP. Whenever property, real or personal, is held in the joint names of two or more persons . . . , upon the death of one of such persons, the right of the survivor to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter, in the same manner *as though* the whole property to which such transfer relates *was owned by said parties as tenants in common and had been devised or bequeathed to the survivor by such deceased joint owner* . . . ."

(Emphasis added.)

In light of this language, the court determined that the property "shall be considered as owned by the parties as tenants in common, and that [only] the proportional interest of the deceased tenant had been devised . . . ." The court also declared that, under RSA 86:9, "[t]here is no presumption . . . that ownership remains in the original joint tenant simply because of the absence of contributions of surviving joint tenants." RSA 86:9 reads:

"86:9 —MEASURE OF SHARES. To the extent that such joint account or property is acquired by the use of the funds of the persons to whom it is payable, or by whom it is held, the value of the separate interest of each for the purposes of this chapter shall be measured by his proportionate contribution to the fund or to the purchase price of the property."

The DRA argues that since Mr. Hebert provided the entire consideration for the property, the full value of the property is subject to tax upon his death. We agree. The full intent of the legislature concerning the taxing of jointly held property may be understood by reading the statutes together. In its current form, RSA 86:8 sets forth the rule that the survivorship right to jointly held property is treated as a taxable transfer upon the death of one of the joint owners. RSA 86:9 applies to situations where there has been an unequal contribution by joint owners. The court's interpretation that section 9 applies only "if and to the extent that the joint property was acquired by the contributions of the survivors" is erroneous in that it undermines the very purpose of the statutory scheme, which is to tax the beneficial interest that passes at death. *People v. Varel,* 351 Ill. 96, 100, 184 N.E. 209, 211 (1932).

Since the nephews in this case made no contribution to the purchase price of the property, no value attaches to their proportionate interests for the purpose of assessing a transfer tax under chapter 86. Accordingly, the full value of the property is taxed.

■■ Succession taxes are not estate taxes *per se. In re Plaisted Estate,* 109 N.H. 350, 253 A.2d 48 (1969). They do not relate to the value of a decedent's estate. Rather, they are meant to tax interests which pass at death. *In re Grondin Estate,* 98 N.H. 313, 315, 100 A.2d 160, 162 (1953). In the absence of succession taxes, joint tenancies would be used as testamentary substitutes. Thus, such legacy and succession statutes serve the valid purpose of preventing otherwise lawful escapes from taxation of succession. *Miller v. Connelly,* 142 Conn. 144, 148–49, 112 A.2d 202, 204 (1955).

■ Because RSA 86:6-a establishes a rebuttable presumption that gifts made within two years of death are made with the intent to avoid inheritance taxes, defendants argue for the first time on appeal that a transfer made *four years and five months* before death is not taxable. We will not address further the merits of this argument, since it was not raised in the court below. On appeal, we will decline review of issues not presented first to the appropriate court below. *Sklar Realty v. Town of Merrimack,* 125 N.H. 321, 328, 480 A.2d 149, 153 (1984).

■ Defendants also argue that DRA's interpretation of RSA 86:8 and :9 denies a property owner the right to make a valid gift of his or her property. Decedent could have avoided the application of RSA 86:8 and :9 if he had made an outright and complete conveyance to his nephews. Instead, decedent chose to retain a one-fourth interest in title to the property, and there is no evidence that decedent relinquished any possessory interests in, or rights to use and enjoy, the property during his lifetime. Therefore, since the benefit of Mr. Hebert's conveyance to his nephews did not vest completely until his death, if any of the nephews had predeceased their uncle, that nephew's estate would not have been taxed. Where the transferor retains a grasp of the entire estate as long as he lives, it cannot be said that possession and enjoyment in a beneficiary take effect prior to death. *Dolan's Estate,* 279 Pa. 582, 588, 124 A. 176, 178 (1924).

■■ We acknowledge that the decedent did transfer a proportional interest in title. However, title is not the test of taxability. *Piper v. Meredith,* 83 N.H. 107, 109, 139 A. 294, 295

(1927). The transfer which is taxed is the completion of the shifting enjoyment of the property, which only takes place at the decedent's death. Consequently, where transferees have provided no consideration, the full value of the interest which passes upon the death of the transferor is taxable.

■■ The probate court erred in its application of RSA 86:8 and :9 to the facts of this case. We will not uphold a lower court's decision if it is contrary to the weight of evidence or erroneous as a matter of law. *Ryan v. Perini Power Constructors, Inc.*, 126 N.H. 171, 173, 489 A.2d 137, 138 (1985). Accordingly, we reverse.

*Reversed.*

All concurred.